**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HELFERICH PATENT LICENSING, LLC, an Illinois limited liability company, ) ) ) | |
| Plaintiff, ) ) | No. 1:11-cv-04681 |
| vs. ) ) | Hon. Rebecca R. Pallmeyer |
| NOKIA CORPORATION, a Finnish Corporation; ) NOKIA INCORPORATED, a Delaware Corporation, ) Defendants. ) | (Jury Trial Demanded) |

**COMPLAINT FOR PATENT INFRINGEMENT [CORRECTED]**

Plaintiff, Helferich Patent Licensing, LLC ("HPL"), by and through its undersigned counsel, complains against defendants Nokia Corporation and Nokia Incorporated (collectively, "Nokia"), as follows:

**NATURE OF THE ACTION**

1.  This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 et seq., including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

**THE PARTIES**

2.  HPL is an Illinois limited liability company with a principal place of business at 70 W. Madison St., Three First National Plaza, Suite 1400, Chicago, IL 60602. HPL is the exclusive licensee of twenty-five (25) U.S. patents, ten (10) pending

U.S. patent applications, and over a dozen related foreign patents and patent applications all relating to mobile wireless communication devices and the provision of media and content to such devices (collectively the "HPL Portfolio"). The HPL Portfolio includes the patents and applications listed in Exhibit A.

3. Defendant Nokia Corporation is a corporation established under the laws of Finland and based in Espoo, Finland. Defendant Nokia Incorporated is a corporation established under the laws of the State of Delaware and based in the United States, and is a wholly owned subsidiary of Nokia Holding Inc., which is a wholly owned subsidiary of Nokia Corporation. Nokia Corporation, including through its subsidiary Nokia Inc., manufactures and sells electronic devices such as cell phones, including selling or offering to sell such devices (including the accused devices) within this judicial district and by conducting other business within this judicial district or elsewhere in the United States that impacts this jurisdiction.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over both Nokia defendants because Nokia conducts substantial and continuous business in the State of Illinois and in this District, including purposefully directing its infringing activities (described below) to residents of this State and District by selling and offering for sale its cellular phones to companies such as Best Buy and AT&T to be resold to consumers within this judicial district. Accordingly, this Court has personal jurisdiction over the defendants.

5. Venue is appropriate pursuant to 28 U.S.C. § 1391(c) and 1400(b) because, among other reasons, the Nokia defendants are subject to personal jurisdiction in this District and based upon acts of infringement in this District.

## BACKGROUND

6. On May 20, 2008, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 7,376,432 entitled "Paging Transceivers and Methods for Selectively Retrieving Messages" (the "'432 patent"). HPL is the exclusive licensee of all right, title, and interest in the '432 patent.

7. On February 21, 2006, the USPTO issued U.S. Patent No. 7,003,304 entitled "Paging transceivers and Methods for Selectively Retrieving Messages" (the "'304 patent"). HPL is the exclusive licensee of all right, title, and interest in the '304 patent.

8. On January 3, 2006, the USPTO issued U.S. Patent No. 6,983,138 entitled "User Interface for Message Access" (the "'138 patent"). HPL is the exclusive licensee of all right, title, and interest in the '138 patent.

9. On August 1, 2000, the USPTO issued U.S. Patent No. 6,097,941 entitled "User Interface for Voice Message Access" (the "'941 patent"). HPL is the exclusive licensee of all right, title, and interest in the '941 patent.

10. On July 11, 2000, the USPTO issued U.S. Patent No. 6,087,956 entitled "Paging Transceivers and Methods for Selectively Erasing Information" (the "'956 patent"). HPL is the exclusive licensee of all right, title, and interest in the '956 patent.

11. The '432, '304, '138, '941, and '956 patents are the "Asserted Patents."

12. The Asserted Patents describe and claim cellular devices and methods relating to, among other things, push messaging and user interfaces (e.g., SMS and MMS messaging features). As described in detail below, HPL specifically asserts at least the following claims (the "Asserted Claims") of the Asserted Patents:

- '432 patent, claims 1-5, 7-11, 14-18, 20-23, 29, and 30;
- '304 patent, claims 1-3 and 10-12;
- '138 patent, claims 1, 4, 5, 39, 40, and 42;
- '941 patent, claims 1, 5, 6, 13, 14, and 16; and
- '956 patent, claims 44, 52, 53, 59, 61, 136, 140, 145, 149, 154, 155, 157, 160, and 161.

13. Within the last six (6) years, Nokia has made, used, sold, offered for sale, or imported within the United States cellular phones including at least the following specifically identified products: Nokia N8, X6, E72, E73, 2320, 5800, and 6350 (the "Accused Products").

14. On or about May 9, 2008, HPL gave written notice to Nokia of its infringement of the Asserted Patents. The notice provided Nokia with a detailed description of the patents, and in addition, provided detailed information including infringement charts describing infringement of the patents. Nokia declined HPL's invitation to meet or discuss the matter, and has failed to obtain a license under the Asserted Patents. In addition, Nokia has continued to infringe HPL's patents (as discussed further below) and failed to provide any defense of any kind to HPL.

15. In the time since HPL's initial notice letter to Nokia, twenty-seven (27) cellular phone companies have agreed to a license to the Asserted Patents, including all of the world's largest handset manufacturers—other than Nokia. HPL's handset licensees include (listed alphabetically):

1. Acer
2. Amazon
3. Apple
4. Asustek
5. Casio Hitachi
6. Dell
7. HP/Palm
8. HTC
9. Huawei
10. i-mate
11. Kyocera
12. LG Electronics
13. Microsoft
14. Motorola
15. NEC
16. Panasonic
17. Pantech
18. Psion
19. RIM
20. Samsung
21. Sanyo
22. Sharp
23. Sony Ericsson
24. Toshiba
25. UTStarcom
26. Wistron
27. ZTE

## COUNT I
### (Infringement of United States Patent No. 7,376,432)

16.     HPL incorporates by reference paragraphs 1 through 15 of this Complaint and realleges them as though fully set forth herein.

17.     Nokia has been and is currently infringing the '432 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, or importing at least the Accused Products that embody one or more of the following claims of the '432 patent within the United States: 1-5, 7-11, 14-18, 20-23, 29, and 30 (and likely others as determined through discovery) without authority or license from HPL.

18.     In the alternative, HPL is informed and believes, and thereon alleges that Nokia has actively induced and is currently inducing the infringement of the '432 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to sell or use devices or practice methods within the United States that it knew or should have known would infringe the '432 patent without license or authority from HPL, and further alleges that these third parties have infringed or will infringe the '432 patent.

19.     More specifically, Nokia has had knowledge of the claims in HPL's '432 since at least May 9, 2008, the date on which HPL advised Nokia that application no. 11/081,611 was pending and contained claims of particular importance with reference to its products.  Nevertheless, Nokia continued to import, sell, or offer for sale one or more of the Accused Products in the United States.

20.    Having placed Nokia on notice of infringement of the '432 patent more than two years ago, Nokia's infringement of the '432 patent has been and continues to be willful.

21.    As a direct and proximate result of Nokia's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

**COUNT II**
**(Infringement of United States Patent No. 7,003,304)**

22.    HPL incorporates by reference paragraphs 1 through 15 of this Complaint and realleges them as though fully set forth herein.

23.    HPL is informed and believes, and thereon alleges that Nokia has been and is currently infringing the '304 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, or importing at least the Accused Products that embody one or more of the following claims of the '304 patent within the United States: 1-3 and 10-12 (and likely others as determined through discovery) without authority or license from HPL.

24.    In the alternative, HPL is informed and believes, and thereon alleges that Nokia has actively induced and is currently inducing the infringement of the '304 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to sell or use devices or practice methods within the United States that it knew or should have known would infringe the '304 patent without license or authority

from HPL, and further alleges that these third parties have infringed or will infringe the '304 patent.

25. More specifically, Nokia has had knowledge of HPL's '304 patent and claims since at least May 9, 2008. Nevertheless, Nokia continued to import, sell, or offer for sale one or more of the Accused Products in the United States.

26. Having placed Nokia on notice of infringement of the '304 patent more than three years ago, Nokia's infringement of the '304 patent has been and continues to be willful.

27. As a direct and proximate result of Nokia's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT III
### (Infringement of United States Patent No. 6,983,138)

28. HPL incorporates by reference paragraphs 1 through 15 of this Complaint and realleges them as though fully set forth herein.

29. HPL is informed and believes, and thereon alleges that Nokia has been and is currently infringing the '138 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, or importing at least the Accused Products that embody one or more of the following claims of the '138 patent within the United States: 1, 4, 5, 39, 40, and 42 (and likely others as determined through discovery) without authority or license from HPL.

30. In the alternative, HPL is informed and believes, and thereon alleges that Nokia has actively induced and is currently inducing the infringement of the '138 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to sell or use devices or practice methods within the United States that it knew or should have known would infringe the '138 patent without license or authority from HPL, and further alleges that these third parties have infringed or will infringe the '138 patent.

31. More specifically, Nokia has had knowledge of HPL's '138 patent and claims since at least May 9, 2008. Nevertheless, Nokia continued to import, sell, or offer for sale one or more of the Accused Products in the United States.

32. Having placed Nokia on notice of infringement of the '138 patent more than three years ago, Nokia's infringement of the '138 patent has been and continues to be willful.

33. As a direct and proximate result of Nokia's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

### COUNT IV
### (Infringement of United States Patent No. 6,097,941)

34. HPL incorporates by reference paragraphs 1 through 15 of this Complaint and realleges them as though fully set forth herein.

35. HPL is informed and believes, and thereon alleges that Nokia has been and is currently infringing the '941 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, or importing at least the Accused Products that embody one or more of the following claims of the '941 patent within the United States: 1, 5, 6, 13, 14, and 16 (and likely others as determined through discovery) without authority or license from HPL.

36. In the alternative, HPL is informed and believes, and thereon alleges that Nokia has actively induced and is currently inducing the infringement of the '941 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to sell or use devices or practice methods within the United States that it knew or should have known would infringe the '941 patent without license or authority from HPL, and further alleges that these third parties have infringed or will infringe the '941 patent.

37. More specifically, Nokia has had knowledge of HPL's '941 patent and claims since at least May 9, 2008. Nevertheless, Nokia continued to import, sell, or offer for sale one or more of the Accused Products in the United States.

38. Having placed Nokia on notice of infringement of the '941 patent more than three years ago, Nokia's infringement of the '941 patent has been and continues to be willful.

39. As a direct and proximate result of Nokia's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law.

HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT V
### (Infringement of United States Patent No. 6,087,956)

40. HPL incorporates by reference paragraphs 1 through 15 of this Complaint and realleges them as though fully set forth herein.

41. HPL is informed and believes, and thereon alleges that Nokia has been and is currently infringing the '956 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, or importing at least the Accused Products that embody one or more of the following claims of the '956 patent within the United States: 44, 52, 53, 59, 61, 136, 140, 145, 149, 154, 155, 157, 160, and 161 (and likely others as determined through discovery) without authority or license from HPL.

42. In the alternative, HPL is informed and believes, and thereon alleges that Nokia has actively induced and is currently inducing the infringement of the '956 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to sell or use devices or practice methods within the United States that it knew or should have known would infringe the '956 patent without license or authority from HPL, and further alleges that these third parties have infringed or will infringe the '956 patent.

43. More specifically, Nokia has had knowledge of HPL's '956 patent and claims since at least May 9, 2008. Nevertheless, Nokia continued to import, sell, or offer for sale one or more of the Accused Products in the United States.

44. Having placed Nokia on notice of infringement of the '956 patent more than three years ago, Nokia's infringement of the '956 patent has been and continues to be willful.

45. As a direct and proximate result of Nokia's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Helferich Patent Licensing, LLC, prays for:

(a) Judgment that defendants, and each of them, have infringed, or actively induced others to infringe one or more of the Asserted Claims: '432 patent, claims 1-5, 7-11, 14-18, 20-23, 29, and 30; '304 patent, claims 1-3 and 10-12; '138 patent, claims 1, 4, 5, 39, 40, and 42; '941 patent, claims 1, 5, 6, 13, 14, and 16; and '956 patent, claims 44, 52, 53, 59, 61, 136, 140, 145, 149, 154, 155, 157, 160, and 161.

(b) A permanent injunction to be issued enjoining and restraining defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and those in active concert and participation with them, and each of them, from making, using, selling, offering for sale, or importing any products, systems or methods which fall within the scope of the Asserted Claims, and from inducing infringement of any such claims by others;

(c) An award of damages against defendants, and each of them, adequate to compensate HPL for past infringement, together with interest and costs as fixed by the Court, such damages to be trebled because of the willful and deliberate character of the infringement;

(d) Judgment that this case is "exceptional" in the sense of 35 U.S.C. § 285, and that HPL is entitled to an award of its reasonable attorneys' fees in the prosecution of this action; and

(e) Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.

Dated: July 12, 2011                  LAW OFFICES OF STEVEN G. LISA, LTD.

                                               By: s/Jon E. Kappes
                                                      Jon E. Kappes (Illinois Bar No. 6291678)

                                                      Steven G. Lisa (Ill. State Bar # 6187348)
                                                      Jon E. Kappes (Ill. State Bar # 6291678)
                                                      James D. Busch (Ill. State Bar # 6299217)
                                                      Mildred E. Park (Ill. State Bar # 6293523)
                                                      Timothy D. Sperling (Ill. State Bar # 6283854)
                                                      Donald J. Lisa (Ill. State Bar # 1673998)
                                                      LAW OFFICES OF STEVEN G. LISA, LTD.
                                                      55 West Monroe Street, Suite 3210
                                                      Chicago, IL 60603
                                                      Tel & Fax: (312) 752-4357
                                                      Email: *stevelisa@patentit.com*
                                                                        *jonkappes@patentit.com*
                                                                        *jamesbusch@patentit.com*
                                                                        *millypark@patentit.com*
                                                                        *timsperling@patentit.com*
                                                                        *donlisa@patentit.com*

Victoria Curtin (Ariz. State Bar #010897)
VICTORIA GRUVER CURTIN, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona 85254
Tel.: (480) 998-3547
Fax: (480) 596-7956
Email: *victoria@vcurtin.com*

Gerald D. Hosier (Ill. State Bar # 7059)
Law Offices Of Gerald D. Hosier, Ltd.
P.O. BOX 12354
ASPEN, CO 81612
Tel: (970) 920- 3475
Off: (970) 920-3475
Email: *wizard@ozpd.com*

14

**Exhibit A**

1. U.S. Patent No. 7,957,695, titled "Method for Integrating Audio and Visual Messaging," issued June 7, 2011;

2. U.S. Patent No. 7,843,314, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued November 30, 2010;

3. U.S. Patent No. 7,835,757, titled "System and Method for Delivering Information to a Transmitting and Receiving Device," issued November 16, 2010;

4. U.S. Patent No. 7,627,305, titled "Systems and Methods for Adding Information to a Directory Stored in a Mobile Device," issued on December 1, 2009;

5. U.S. Patent No. 7,499,716, titled "System and Method for Delivering Information to a Transmitting and Receiving Device," issued on March 3, 2009;

6. U.S. Patent No. 7,403,787, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued on July 22, 2008;

7. U.S. Patent No. 7,376,432, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued on May 20, 2008;

8. U.S. Patent No. 7,280,838, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued October 9, 2007;

9. U.S. Patent No. 7,277,716, titled "Systems and Methods for Delivering Information to a Communication Device," issued October 2, 2007;

10. U.S. Patent No. 7,242,951, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued July 10, 2007;

11. U.S. Patent No. 7,155,241, titled "Systems and Methods for Enabling a User of a

Communication Device to Manage Remote Information," issued December 26, 2006;

12. U.S. Patent No. 7,146,157, titled "Systems and Methods for Downloading Audio Information to a Mobile Device," issued December 5, 2006;

13. U.S. Patent No. 7,039,428, titled "System and Method for Delivering Information to a Transmitting and Receiving Device," issued May 2, 2006;

14. U.S. Patent No. 7,003,304, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued February 21, 2006;

15. U.S. Patent No. 6,983,138, titled "User Interface for Message Access," issued January 3, 2006;

16. U.S. Patent No. 6,826,407, titled "System and Method For Integrating Audio and Visual Messaging," issued November 30, 2004;

17. U.S. Patent No. 6,696,921, titled "Transmitting and Receiving Devices and Methods for Transmitting Data to and Receiving Data from a Communications System," issued February 24, 2004;

18. U.S. Patent No. 6,636,733, titled "Wireless Messaging Method," issued October 21, 2003;

19. U.S. Patent No. 6,462,646, titled "Transmitting and Receiving Devices and Methods for Transmitting Data to and Receiving Data from a Communication System," issued October 8, 2002;

20. U.S. Patent No. 6,459,360, titled "Networks, Communication Systems, Transmitting and Receiving Devices, and Methods for Transmitting, Receiving, and Erasing Stored Information," issued October 1, 2002;

16

21. U.S. Patent No. 6,259,892, titled "Pager Transceivers and Methods for Performing Action on Information at Desired Times," issued July 10, 2001;

22. U.S. Patent No. 6,253,061, titled "Systems and Methods for Delivering Information to a Transmitting and Receiving Device," issued June 26, 2001;

23. U.S. Patent No. 6,233,430, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued May 15, 2001;

24. U.S. Patent No. 6,097,941, titled "User Interface for Voice Message Access," issued August 1, 2000; and

25. U.S. Patent No. 6,087,956, titled "Paging Transceivers and Methods for Selectively Erasing Information," issued July 11, 2000.

26. U.S. Patent Application No. 13/109,437, titled "System and Method for Delivering Information to a Transmitting and Receiving Device;"

27. U.S. Patent Application No. 13/109, 389, titled "System and Method for Delivering Information to a Transmitting and Receiving Device;"

28. U.S. Patent Application No. 12/973,722, titled "Wireless Messaging Systems and Methods;"

29. U.S. Patent Application No. 12/580,189, titled "System And Method for Delivering Information To A Transmitting And Receiving Device;"

30. U.S. Patent Application No. 12/267,453, titled "Wireless Messaging System;"

31. U.S. Patent Application No. 12/367,358, titled "Content provision to subscribers via wireless transmission;"

32. U.S. Patent Application No. 12/167,971, titled "System and Method for Delivering

Information to a Transmitting and Receiving Device;"

33. U.S. Patent Application No. 11/598,832, titled "Systems and Methods for Downloading Information to a Mobile Device;"

34. U.S. Patent Application No. 11/598,202, titled "Wireless Messaging System;" and

35. U.S. Patent Application No. 10/958,731, titled "System and Method for Integrating Audio and Visual Messaging."